[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12920
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-02795-CV-BBM-1

PATRICIA A. CHASSE,

Plaintiff-Appellee,

VICTORIA MARIE CHASSE,
a Minor, by Patricia A. Chasse, as next friend,
ALEXANDARIA RENEE CHASSE,
a Minor, by Patricia A. Chasse, as next friend,
JOEL BRANDON CHASSE,
a Minor, by Patricia A. Chasse, as next friend,

versus

OPAL McCRANEY,

Defendant-Appellant,

FAYETTE COUNTY,
GEORGIA DEPARTMENT OF JUVENILE JUSTICE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(March 30, 2006)**

Before MARCUS, WILSON and RONEY, Circuit Judges.

PER CURIAM:

Defendant Opal McCraney appeals the denial on her summary judgment motion of a qualified immunity defense to the complaint of Patricia A. Chasse. Chasse alleged that McCraney, a Juvenile Probation/Parole Specialist employed by the Fayette County, Georgia Department of Juvenile Justice (DJJ)[1] deprived her of procedural due process by failing to notify her of a juvenile court hearing, or by interfering with the administrators charged with notifying her, which she asserts resulted in losing custody of her daughter. Because there are genuine issues of material fact, we affirm the denial of McCraney's motion for summary judgment for qualified immunity.

The facts of this case are set forth in the district court's thorough order dated March 30, 2005. Concerned about the behavior of her sixteen-year old daughter,

_____

[1] Chasse also joined the Georgia Department of Family and Children and another employee, but all parties have been dismissed from this action but McCraney.

2

Chasse contacted McCraney and inquired about assistance she could receive in managing her daughter's behavior. McCraney testified that she told Chasse that she had two options: (1) an informal adjustment, or (2) a formal hearing before the Juvenile Court. Chasse testified that McCraney advised her to submit a juvenile complaint, and that she would simply bring her daughter into McCraney's office and "just put her on probation and make her mind." Chasse subsequently submitted the juvenile complaint with the understanding that McCraney would hold the paperwork without processing it. Chasse and her daughter then met with McCraney for an intake meeting during which Chasse's daughter became upset and stated that "she wasn't going to sit there and be put on probation" and instead wanted to live with her father.

A hearing was conducted in Juvenile Court on September 5, 2002. McCraney recommended that custody be given to Chasse's ex-husband until there could be a full hearing on the matter. It was announced at the end of the hearing that the full hearing would be conducted October 8, 2002. The hearing was subsequently changed to October 2, 2002. Chasse testified that she was unaware that it had changed.

McCraney admits to lying to Chasse by advising her that she was under a restraining order and could have no contact with her daughter until the matter was

before the Juvenile Court again. She also admits of falsely advising Chasse that if she contacted her daughter's school about the custody and residence change, McCraney would regard such as "depriving the other children" and would contact Children's Services about that deprivation. With these threats in mind, Chasse moved from Fayette County to Henry County so that she would no longer be under the jurisdiction of the Fayette County Department of Family and Children Services. Chasee did not, however, notify the Juvenile Court of her move.

On October 2, 2002, a custody hearing was conducted in Juvenile Court. Chasse was not present at the hearing. Although McCraney asserts that she was not present at that hearing, Chasse's daughter testified that McCraney was there and notified the court that Chasse was not present "because she had moved." The court awarded custody of Chasse's daughter to her father. A few months later, the court, over McCraney's objections, awarded Chasse's daughter back to Chasse. The Juvenile Justice Department then investigated McCraney's conduct, finding that her conduct had violated department policies.

Summary judgment is properly denied if there are genuine issues of material fact as to an asserted qualified immunity defense. *See, e.g., Herren v. Bowyer*, 850 F.2d 1543, 1546-47 (11th Cir. 1988) (denying summary judgment in 42 U.S.C. § 1983 case because genuine issues of material fact remained). Questions of material

4

fact remain as to whether McCraney acted intentionally or with deliberate indifference in her dealings with Chasse, and as to whether the Defendant's conduct deprived Chasse of a clearly established law or constitutionally protected interest. There are factual disputes as to whether McCraney's employment as a Juvenile Probation/ Parole Specialist invested her with the responsibility of notifying McCraney as to the change of the custody hearing, and questions of fact as to whether she interfered with Chasse's receiving notification of that change of date.

We express no opinion as to the validity of Chasse's claims. The district court's denial of qualified immunity on motion for summary judgment is

AFFIRMED.